IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | | |
|---|---|---|
| VICTOR C. FOURSTAR, JR., | ) | Cause No. CV 05-108-GF-CSO |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER and |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| DAVID NESS and ALISON McPEET, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On November 1, 2005, Plaintiff Victor Fourstar moved to proceed in forma pauperis with this "malpractice complaint" "under the Constitution." Fourstar is a federal prisoner proceeding pro se.

## I. Forma Pauperis Motion

Fourstar submitted an inmate account statement covering the period from February 13, 2005, to October 15, 2005. After reviewing the motion and account statement, I find that he has sufficiently shown that he cannot afford to pay the full filing fee all at once. The Application to Proceed In Forma Pauperis will be granted.

Notwithstanding his forma pauperis status, Fourstar is required to pay the statutory filing fee of $250.00 for this action, even if the case is dismissed. See 28 U.S.C. § 1915(b)(1),

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

(e)(2).  Because he submitted an account statement ending on October 15, 2005, the Court does not know the current balance of his account.  Therefore, the initial partial filing fee will be waived.  However, Fourstar must make monthly payments of 20% of the income credited to his account each month.  The percentage is set by statute and cannot be altered.  <u>See</u> 28 U.S.C. § 1915(b)(2).  By separate order, the Court will direct the custodial agency to forward payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full.  <u>See id</u>.

## II. Preliminary Screening

Pursuant to the federal statutes governing proceedings <u>in forma pauperis</u> and proceedings by prisoners, federal courts must engage in a preliminary screening of cases to assess the merits of the claims.  28 U.S.C. §§ 1915(e)(2), 1915A(a); 42 U.S.C. § 1997e(c)(1); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).  The court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

grant or deny leave to amend. <u>Lopez</u>, 203 F.3d at 1127.  The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." <u>Id</u>. (quoting <u>Doe v. United States</u>, 58 F.3d 494, 497 (9th Cir. 1995)).  Leave to amend is liberally granted to <u>pro se</u> litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing <u>Broughton v. Cutter Labs.</u>, 622 F.2d 458, 460 (9th Cir. 1980)).  Additionally, the courts must liberally construe <u>pro se</u> pleadings. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

## III. Fourstar's Allegations

Fourstar contends that his defense counsel, David Ness, and co-counsel Alison McPeet "negligently failed to move for suppression of inadmissible evidence" consisting of photos of Fourstar's genitals and penis swab at Fourstar's trial for aggravated sexual assault on July 22, 2002.  He contends that the admission of the evidence caused him humiliation and mental and emotional pain. <u>See</u> Compl. (Court's doc. 1) at 4.  For his relief, Fourstar seeks $5,000,000.00 in compensatory damages and $5,000,000.00 in punitive damages. <u>Id</u>. at 5.

Fourstar was acquitted of the charges. <u>See</u> Verdict (Court's doc. 44), <u>United States v. Fourstar</u>, No. CR 02-52-GF-SEH (D. Mont. July 23, 2002).

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

## IV. Analysis

A defense attorney who is sued for acts taken (or not taken) when he is acting in the "traditional lawyer role" is not a "state actor" and so is not subject to suit under 42 U.S.C. § 1983 or Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). See, e.g., Georgia v. McCollum, 505 U.S. 42, 53 (1992); Polk County v. Dodson, 454 U.S. 312, 320-25 (1981); Miranda v. Clark County, 319 F.3d 465, 468 (9th Cir. 2003) (en banc); Cox v. Hellerstein, 685 F.2d 1098, 1099 (9th Cir. 1982). The alleged quality of the representation is not the point; the point is that a lawyer acting in his or her capacity as the client's legal representative is not subject to the standards of 42 U.S.C. § 1983. Nothing in Fourstar's Complaint indicates that Ness or McPeet are being sued as administrators whose conduct was governed in some respect by a public authority, and the Court does not believe that such an allegation could be sustained. Fourstar simply complains that he suffered humiliation during a trial at which he was accused of aggravated sexual assault – and acquitted. He fails to state a claim on which relief may be granted under federal law.

As for whatever claims Fourstar may wish to make under state law, the Court has grave doubt that Fourstar's emotional turmoil, suffered in the normal course of a criminal trial, is compensable at all, much less where counsel secured his client's acquittal. It

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4

was not counsel's fault that Fourstar was charged with a crime, and there are serious and obvious drawbacks to making defense counsel liable for emotional harm to a client in the course of a criminal trial.   The Court also believes that Fourstar filed after the three-year state statute of limitations expired.  <u>See</u> Mont. Code Ann. § 27-2-206.

However, because the Court has recommended dismissal of Fourstar's claims under federal law, supplemental jurisdiction over the state law claims should be declined on the grounds that the federal claims should be dismissed and the state-law claims present highly novel applications of state law.   <u>See</u> 28 U.S.C. § 1367(c)(1), (3).

Based on the foregoing, the Court enters the following:

### ORDER

Fourstar's Motion to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> (Court's doc. 2) is GRANTED.   The Clerk of Court shall waive prepayment of the filing fee.

The Court also enters the following:

### RECOMMENDATION

Fourstar's Complaint (Court's doc. 1) should be DISMISSED for failure to state a claim, supplemental jurisdiction over the state-law claims should be DECLINED, and the docket should reflect that Fourstar's filing of this action counts as one strike against him,

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 5

pursuant to 28 U.S.C. § 1915(g).

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Plaintiff.  Plaintiff is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days after the date on the certificate of mailing below, or objection is waived.

Fourstar must immediately inform the Court of any change in his address while this action remains pending.

DATED this 5th day of January, 2006.


**/S/ Carolyn S. Ostby**
Carolyn S. Ostby
United States Magistrate Judge

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 6